UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 23-10055 |
| | ) | Chapter 13 |
| NICKOLAS JOSEPH CLAREY | ) | |
| fdba Nick's Handyman Service | ) | |
| SSN/ITIN xxx-xx-4954 | ) | DECISION RE: |
| | ) | DEBTORS' MOTION FOR |
| and | ) | SUMMARY JUDGMENT |
| | ) | |
| DARCI JEAN CLAREY | ) | |
| SSN/ITIN xxx-xx-1896 | ) | |
| | ) | |
| Debtors. | ) | |

The matter before the Court is Debtors Nickolas Joseph Clarey's and Darci Jean Clarey's Motion for Summary Judgment and reply and Akron Lumber Company's objection.   This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c).   For the reasons discussed below, the Court will deny Debtors' motion.

## FACTS

Nickolas Joseph Clarey and Darci Jean Clarey ("Clareys") filed a chapter 13 bankruptcy on November 1, 2023 (doc. 1).   Akron Lumber Company ("Akron Lumber") was listed as a creditor on Clareys' bankruptcy schedules (doc. 18, p. 24) and notice of Clareys' chapter 13 bankruptcy filing was mailed to Akron Lumber on November 4, 2023 (doc. 7).   On December 13, 2023, Akron Lumber filed a mechanic's lien with the Union County Register of Deeds against the following legally described real estate:

> Lot A and Lot B in Abrahamson Tract 2 in the East Half (E1/2) of Section Twenty-Two (22), Township Ninety-Three (93) North, Range Fifty (50) West of the 5th P.M., Union County, South Dakota according to the recorded plat thereof and subject to reservations, restrictions, rights-of-way, and easements of record, if any.

1

Akron Lumber later filed a proof of claim (claim #18-1) on January 2, 2024, for $357,559.05 with $197,101.70 of that claim secured.   Akron Lumber filed an amended proof of claim (claim #18-2) on January 9, 2024, reducing the secured portion of its claim to $180,722.56.   The first itemized charge on its proof of claim is dated February 21, 2022, and the last is dated August 19, 2023.   However, Mr. Clarey states he started building houses in approximately April of 2022 and used a line of credit at Akron Lumber for those expenses (Depo. of Nickolas Joseph Clarey, doc. 118, pp. 12-13).

On May 2, 2024, Clareys filed an objection to Akron Lumber's proof of claim number 18 (doc. 84), to which Akron Lumber filed a response on June 7, 2024 (doc. 93).   Clareys also brought an adversary proceeding against Akron Lumber.[1]   Next, Clareys filed a summary judgment motion on September 9, 2024 (doc. 105), and a supplement to the motion on September 10, 2024 (doc. 107).   On September 16, 2024, Akron Lumber filed an objection (doc. 109) to Clareys' summary judgment motion, and Clareys responded by filing a reply brief on September 19, 2024 (doc. 112).

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a); McManemy v. Tierney, 970 F.3d 1034, 1037 (8th Cir. 2020).   An issue of material fact is *genuine* if the evidence would allow the trier of fact to return a verdict for either party. Rademacher v. HBE Corp.,

---

[1] On August 2, 2024, Clareys filed a complaint against Akron Lumber seeking to void or declare Akron Lumber's proof of claim as unsecured, to determine its mechanic's lien void, and to request damages for Akron Lumber's alleged willful violation of the automatic stay (Adv. #24-1004).   Akron Lumber timely answered the complaint on September 3, 2024.   A hearing was held on October 3, 2024, where the Court set discovery, dispositive motions, and other pretrial deadlines and scheduled a trial for February 27, 2025.

645 F.3d 1005, 1010 (8th Cir. 2011).   A fact is *material* if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court considers the pleadings, discovery, and any affidavits when reviewing for summary judgment. Wood v. SatCom Mktg., LLC, 705 F.3d 823, 828 (8th Cir. 2013).   The Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Tolan v. Cotton, 572 U.S. 650, 656 (2014) (quoting Anderson, 477 U.S. at 249).

When filing a summary judgment motion, the movant has the burden to show the parts of the record that demonstrate the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 321-22 (1986); see also Gibson v. Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012).   The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out the part of the record that bears out his assertion. Handeen v. LeMaire, 112 F.3d 1339, 1346 (8th Cir. 1997).   Once the movant has met his burden, then the burden shifts to the non-movant. Id.   The non-moving party must advance specific facts to create a genuine issue of material fact to avoid summary judgment. F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997).

However, the evidence must be viewed in the light most favorable to the party opposing the motion. Bell, 106 F.3d at 263; Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting therein Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587-88 (1986), and citations therein).   The non-moving party is entitled to all reasonable inferences that can be drawn from the evidence without resorting to speculation. P.H. v. Sch. Dist. of Kansas City, Missouri, 265 F.3d 653, 658 (8th Cir. 2001).

## II.  Violation of the Automatic Stay under 11 U.S.C. §362(a)(4) and (5)

The bankruptcy court can determine the validity of a lien as a core proceeding where property of the estate is involved. Constellation Dev. Corp. v. Dowden (In re B.J. McAdams, Inc.), 66 F.3d 931, 936 (8th Cir. 1995).   "An action to determine the validity, extent, or priority of liens asserted against the property of a bankrupt

estate is a core proceeding under 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(K)." Id.; see also In re Zachman Homes, Inc., 83 B.R. 633, 640 (Bankr. D. Minn. 1985).

A lien is defined as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. §101(37).   Statutory liens are liens "arising solely by force of a statute on specified circumstances or conditions." 11 U.S.C. §101(53).   Mechanic's liens are "liens created by statute, and by the act of the lienholders pursuant to the statute, without suits or legal proceeding[s]." Kemp Lumber Co. v. Howard, 237 F. 574, 577 (8th Cir. 1916).   Therefore, mechanic's liens are statutory liens.

State law defines the existence and perfection of a lien. In re Higgins, 304 F.Supp. 108, 110 (D.S.D. 1969); Johnston Mem'l Hosp. v. Hess, 44 B.R. 598, 600 (W.D. Va. 1984); Pokela v. Red Owl Stores, Inc. (In re Dakota Country Store Foods, Inc.), 107 B.R. 977, 991 (Bankr. D.S.D. 1989); Claussen v. Brookings County, South Dakota (In re Claussen), 118 B.R. 1009, 1016 (Bankr. D.S.D. 1990).   Further, "[s]tatutory lien enforcement depends on its perfection status as of the petition date." In re Claussen, 118 B.R. at 1016 (citing Pierce v. Aetna Life Insurance Company (In re Pierce), 809 F.2d 1356, 1361 (8th Cir. 1987)).   Therefore, South Dakota law will determine the perfection of Akron Lumber's mechanic's lien. In re Claussen, 118 B.R.at 1016.

Under South Dakota law, a mechanic's lien, or a materialmen's lien[2], is created by:

> Whoever shall, at the request of the owner…, furnish…materials for the improvement, development, or operation of property as hereinafter specified, shall have a first lien…, prior and superior to all other liens…except existing liens, mortgages, or other encumbrances then of record[.]

S.D.C.L. §44-9-1.   And the lien "shall attach and take effect from the time the first

---

[2]  The parties refer to the lien as a mechanic's lien even though it appears to be a materialmen's lien.  Since both types of liens are treated the same under South Dakota law, the Court will continue to refer to this lien as a mechanic's lien to be consistent with the term used by the parties.

item of material or labor is furnished upon the premises by the lien claimant[.]"
S.D.C.L. §44-9-7.

Further, the lien is perfected under S.D.C.L. §44-9-15:

The lien shall cease at the end of one hundred twenty days
after...furnishing the last item of such...material...unless within such
period a statement of the claim therefor be filed with the register of
deeds of the county in which the improved premises are situated[.]

And it is enforced under S.D.C.L. §44-9-23:

The lien may be enforced by action in the circuit court of the county in
which the improved premises or some part thereof are situated...which
action shall be begun and conducted in the same manner as actions for
the foreclosure of mortgages upon real estate, except as herein
otherwise provided.

Mr. Clarey started building houses and used a line of credit at Akron Lumber
for the expenses of his materials.   Therefore, in accordance with S.D.C.L. §44-9-1,
and at the request of Clareys, a mechanic's lien was created in Akron Lumber's favor.
Further, pursuant to S.D.C.L. §44-9-7, that lien attached to Clareys' house the first
time material was furnished by Akron Lumber.   This is one of the areas where the
parties fail to prove an undisputed material fact.   Akron Lumber states its lien was
created on February 21, 2022, when the first itemized charge was incurred and
Clareys state the earliest Mr. Clarey started building houses was approximately April
of 2022.   Whichever date is correct, Akron Lumber's mechanic's lien was clearly
created pre-petition.

Next, the Court turns to the issue of the perfection of the lien.   Clareys argue
Akron Lumber violated the automatic stay by filing its mechanic's lien against their
real property post-petition.   Clareys filing of their bankruptcy petition on November
1, 2023, operated as a stay of "any act to create, perfect, or enforce any lien against
property of the estate" and of "any act to create, perfect, or enforce against property
of the debtor any lien to the extent that such lien secures a claim that arose before
the commencement of the case under this title." 11 U.S.C. §362(a)(4) and (5).

Subsections 4 and 5 of 11 U.S.C. §362(a) deal with three parts of the lien – creation, perfection, and enforcement.  Further, section 362(b)(3) provides an exception to the violation of the automatic stay but only with regard to perfection.   It states, "any act to perfect...an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title" does not operate as a stay. 11 U.S.C. §362(b)(3).   However, this exception for perfection only applies when the action is "subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection." 11 U.S.C. §546(b)(1)(A).

The filing of the mechanic's lien against Clareys' real property was Akron Lumber perfecting its lien in accordance with S.D.C.L. §44-9-15.   Since Akron Lumber's filing of its mechanic's lien was it perfecting the lien under 11 U.S.C. §362(b)(3), then in accordance with 11 U.S.C. §546(b), the automatic stay would not be violated.   However, Clareys argue section 546(b) is not applicable in chapter 13 bankruptcies, but fail to provide any authority to support this claim.   The Clareys' argument is misplaced.   Several courts have applied 11 U.S.C. §362(b)(3) and §546(b) in chapter 13 bankruptcy cases. Boggan v. Hoff Ford, Inc. (In re Boggan), 251 B.R. 95 (B.A.P. 9th Cir. 2000); In re Ridley, 50 B.R. 51 (Bankr. M.D. Tenn. 1985); Eaton v. River City Body Shop (In re Eaton), 220 B.R. 629 (Bankr. E.D. Ark. 1998).   In addition, perfection of liens is not subject to the automatic stay in chapter 13 cases. Mouton v. Toyota Motor Credit Corp. (In re Mouton), 479 B.R. 55, 60 (Bankr. E.D. Ark. 2012).

Akron Lumber filed a mechanic's lien with the Union County Register of Deeds against Clareys' homestead on December 13, 2023.   By filing the lien, Akron Lumber was acting to perfect its pre-petition created lien by filing a statement of the claim as required under S.D.C.L. §44-9-15.   That action alone is not a violation of the automatic stay if the lien complied with South Dakota law and had not ceased to exist pre-petition. In re McCord, 219 B.R. 251, 252 (Bankr. E.D. Ark. 1998).   However, Clareys have failed to meet their burden of proof because the record

regarding the cessation of the lien involves disputed material facts which prevent this issue from being decided through a summary judgment motion.

### III. Akron Lumber Company's Proof of Claim is all unsecured or void and Clareys are entitled to attorney's fees, damages, and costs

Based upon the findings of fact and the conclusions of law stated above, Clareys have failed to prove Akron Lumber violated the automatic stay and, as a result, the Court does not need to address whether Akron Lumber's proof of claim is unsecured or void and if Clareys are entitled to attorney's fees, damages, and costs. Therefore, the Court will reserve ruling on these matters until the parties properly present them at trial.

### CONCLUSION

Clareys have failed to meet their burden of proof to be awarded summary judgment, and the record shows genuine issues of material fact remain to be resolved.   As such, Clareys are not entitled to judgment as a matter of law.   The Court will therefore enter an order denying Clareys' Motion for Summary Judgment. The Court will schedule a second pre-trial conference with counsel to set a trial date and related deadlines.

So ordered:   November 18, 2024.

BY THE COURT:

Laura L. Kulm Ask
Bankruptcy Judge